**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted June 21, 2007
Decided July 18, 2007

*Before*

Hon. FRANK H. EASTERBROOK, *Chief Judge*[*]

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Nos. 07-1141 & 07-1142

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeals from the United |
| | ] States District Court for |
| *Plaintiff-Appellee,* | ] the Northern District of |
| | ] Indiana, Hammond Division |
| | ] |
| v. | ] No. 02 CR 44 |
| | ] |
| | ] |
| WILEY JOHNSON and ANTHONY GEORGE, | ] |
| | ] **Allen Sharp,** |
| *Defendants-Appellants.* | ] *Judge.* |

---

[*]Pursuant to Seventh Circuit Internal Operating Procedure 6(b), these successive appeals were submitted to the panel of judges that disposed of the defendants' initial direct appeals of their convictions and sentences. Judge Ripple, who was a member of the original panel, has recused himself from consideration of the instant appeals, and Judge Easterbrook was selected at random to replace him. Upon review of the briefs and the record and consideration of the standards set forth in Fed. R. App. 34(a)(2), the panel has determined that oral argument is unnecessary to the resolution of these appeals. The appeals have therefore been submitted on the briefs and the record.

## *O R D E R*

This is the third time that we have reviewed the sentences for Wiley Johnson and Anthony George. They were convicted of, among other charges, conspiracy to possess with intent to distribute 50 or more grams of cocaine, *see* 21 U.S.C. § 846, and distributing 50 grams or more of crack cocaine, *see id.* § 841(a)(1). The district court initially sentenced each of them to 360 months' imprisonment, but on appeal we remanded the case for resentencing under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to determine whether the court would have imposed the same sentence had it realized that the Sentencing Guidelines are advisory.

The district court subsequently sentenced Johnson to 200 months' imprisonment, and George to 236 months' imprisonment. They appealed that sentence as well, and the government cross-appealed. We agreed with the government that the district court misinterpreted *Booker* in resentencing the defendants, and remanded the case yet again for resentencing. The district court on remand sentenced each one to the same 360 month term it had initially imposed.

On appeal, Johnson and George raise two challenges to the sentence, neither of which has merit. First, they argue that the district court abused its discretion in imposing their sentence because the sentence was greater than necessary under the factors set forth in 18 U.S.C. § 3553(a), and because the district court appeared to presume that the Guidelines sentence was the proper one in stating that no factor justified a downward variance. There is no support for the contention that the § 3553 factors mandate a lower sentence in this case. The court discussed the § 3553(a) factors at length, and made it clear that it considered the sentence to be the appropriate one in light of those factors, and we find no error there. As for the defendants' claim that the district court applied a presumption of reasonableness, they are correct that such a presumption that the Guidelines sentence is the proper one would be improper if employed by the district court. *See Rita v. United States*, ___ U.S. ___, 2007 WL 1772146, at *9 (June 21, 2007)(noting that the presumption of reasonableness applies only on appellate review); *United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006)(noting that a district court is neither required nor permitted to presume that a sentence within the Guidelines range is the correct one). A fair reading of the district court's decision, however, shows that the court did not apply any such presumption that the defendants were required to rebut. Instead, the court properly recognized that its role was to calculate the appropriate advisory Guidelines range and then decide whether to impose a sentence within the range or outside it, by reference to the factors set forth in 18 U.S.C. § 3553(a). That is what the district court did, and its reference to the downward variance, in context, reflected its explicit conclusion that a sentence in the Guidelines range was

sufficient, but not greater than necessary, to satisfy the factors in 18 U.S.C. § 3553(a). It is clear from the decision as a whole that the court properly understood its role, and that it believed that after considering the § 3553(a) factors, the circumstances did not warrant a sentence lower than the Guidelines range. That is a proper application of the § 3553(a) factors. *See Rita v. United States*, ___ U.S. ___, 2007 WL 1772146 *13 (2007).

The only other challenge to the sentence is the rather bizarre assertion that the imposition of the higher sentence, after imposing a lower sentence on the prior remand, violates the Eighth Amendment prohibition against cruel and unusual punishment. They argue that it is extremely cruel to allow an individual to anticipate the earlier release, and then to later add many additional years to that sentence. There is no support for the proposition that the erroneous imposition of a lower sentence by a district court creates a constitutional entitlement to that lower sentence under the Eighth Amendment. The decision of the district court is AFFIRMED.